J. Andrew Coombs (SBN 123881)
Nicole L. Drey (SBN 250235)
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 502-3201

Matthew N. Kane
Donnelly, Conroy, & Gelhaar LLP
One Beacon Street, 33d Floor
Boston, Massachusetts 02108
Telephone: (617) 720-2880
Facsimile: (617) 720-3554

Attorneys for Plaintiffs Elsevier Inc.,
Elsevier B.V., Elsevier Limited,
Elsevier Ireland Limited, John Wiley
& Sons, Inc., Wiley Periodicals, Inc.,
Wiley-Liss, Inc., John Wiley & Sons, Ltd.,
Wolters Kluwer Health, Inc., and
Blackwell Publishing, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elsevier Inc., Elsevier B.V., Elsevier Limited, Elsevier Ireland Limited, John Wiley & Sons, Inc., Wiley Periodicals, Inc., Wiley-Liss, Inc., John Wiley & Sons, Ltd., Wolters Kluwer Health, Inc., and Blackwell Publishing, Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Kiuchi Shoten Co., Ltd., Hideo Kiuchi, I and U, Inc. (a/k/a "Crescendo Books" and "Book Cube"), Lan Tu (a/k/a "Joanne Tu"), Ichihiro Toyosato, Noriko Toyosato, Beverly Jiang,<br><br>Defendants. | Case No. CV06-3131 GHK (PLAx)<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LIABILITY ON COUNTS I AND III AGAINST DEFENDANTS KIUCHI SHOTEN CO., LTD., HIDEO KIUCHI, I AND U, INC. (A/K/A "CRESCENDO BOOKS" AND "BOOK CUBE") AND NORIKO TOYOSATO**<br><br>Hearing Date: May 19, 2008<br>Hearing Time: 9:30 a.m.<br>Courtroom: Hon. Judge G.H. King |

# INTRODUCTION

The opposition submitted by Kiuchi Shoten Co., Ltd., Hideo Kiuchi, I and U, Inc. (a/k/a "Crescendo Books" and "Book Cube"), and Lan Tu (a/k/a "Joanne Tu") (collectively "the Kiuchi Defendants") fails to demonstrate any genuine issue of material fact. The Kiuchi Defendants have not presented any evidence to refute that: (i) they made false statements to Plaintiffs concerning the identities and locations of the subscribers at issue; and (ii) Plaintiffs relied on these statements to their detriment in fulfilling the orders at the discounted Individual Rates. In fact, the Kiuchi Defendants have presented no affirmative evidence whatsoever.

Instead, they attempt to avoid summary judgment by making unsupported, conclusory allegations, manufacturing purported disputes that fly in the face of their prior admissions, and by interposing inapplicable objections, apparently designed to obfuscate these proceedings. None of these things, however, presents any basis to deny the Plaintiffs' partial motion for summary judgment.

# ARGUMENT

**1. The Kiuchi Defendants Have Failed to Present Specific Facts Showing that There Is Any Genuine Issue For Trial With Respect to Liability on Counts I and III.**

As the moving party, Plaintiffs need only point to matters which demonstrate the absence of a genuine material factual issue. *Celotex v. Cattret*, 477 U.S. 317, 323-

- 1 -

24 (1986). Here, Plaintiffs have met that burden with respect to liability for Count I (Misrepresentation) and Count III (California Unfair Competition Act). In particular, the Declaration of Defendant Noriko Toyosato and the Answer of the Kiuchi Defendants establish that there is no dispute that they:

(i) caused multiple Individual Rate subscriptions to be placed with Plaintiffs using false and assumed names;

(ii) placed these subscriptions using multiple addresses and multiple e-mail addresses;

(iii) did so, knowing that these subscriptions were not for individual use at all, but were instead collected and shipped to Japan for resale, principally to Japanese Hospitals; and,

(iv) knowing that the Defendants could not have procured these subscriptions at the Individual Rates without using these false aliases and addresses.

*See* Declaration of Noriko Toyosato ("Toyosato Dec."); Answer of Defendants I and U Inc. and Lan Tu to Second Amended Complaint, ¶¶ 90, 94, 99 (attached as Exhibit 1 to the Declaration of Matthew N. Kane ("Kane Dec., Ex. 1")).

In addition, the Plaintiffs submitted three declarations attesting that they relied on these false statements to their detriment by fulfilling subscriptions at the discounted, Individual rates. (*See, e.g.,* Abbott Dec., ¶ 13; Connors Dec., ¶ 12).

Faced with these supported allegations, the burden then shifts to the Kiuchi Defendants to establish a genuine issue of material fact. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet their burden, the Kiuchi Defendants cannot rest upon allegations in the pleadings or conclusory statements. *United States v. Roy*, 2007 WL 164539 (E.D. Cal. 2007). Instead, they must present "*evidence* of specific disputed facts." *Id.* (emphasis in original) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Here, the Kiuchi Defendants have completely failed to present any specific facts showing that there is a genuine issue for trial with respect to liability. Fed. R. Civ. P. 56(e). Indeed, the Kiuchi Defendants have offered <u>no</u> affirmative evidence to refute any of these facts. They have not submitted a single declaration-- from Mr. Kiuchi, Ms. Tu or anyone else-- to refute these allegations. Nor have they pointed to any pleadings, interrogatory responses, documents, or admissions to establish any genuine issue for trial. Nor have they cited any deposition testimony. *See Hutchinson v. United States*, 838 F.2d 390, 393 (9th Cir. 1988) (holding that summary judgment was appropriate where non-movant failed to provide affidavits or otherwise support her allegations in the face of a properly supported motion).

At best, the Kiuchi Defendants claim--without citing any factual support-- that "there is a question of fact as to whether the subscriptions at issue were sold to individuals in Japan." (Opp. at 5). Standing alone, these bare assertions are

- 3 -

ELSEVIER, ET AL, V. TOYOSATO,, ET AL., PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

insufficient to create a material issue of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also, Walker v. Hoffman*, 583 F.2d 1073, 1075 (9th Cir. 1978) (holding that non-movant's unsupported allegations were insufficient to defeat summary judgment).

Because the Kiuchi Defendants have failed to meet their burden, summary judgment is warranted. *Walker*, 583 F.2d at 1075 (holding that summary judgment was appropriate where non-movant failed to sustain burden); *Roy*, 2007 WL 164539, *3 (same).

### 2. The Kiuchi Defendants Have Overstated Plaintiffs' Burden

Without any citation, the Kiuchi Defendants assert that Plaintiffs have a burden to demonstrate that "each discreet subscription was fraudulently obtained and that they are entitled to judgment of liability for fraud <u>as to each subscription</u>." (Opp. at 2) (emphasis in original). They do not.

As a preliminary matter, Plaintiffs have pointed to individual subscriptions illustrative of the scheme. For example, Defendants placed a July 2004 subscription for *Cancer* with Plaintiff John Wiley & Sons, Inc. at the Individual Rate using the false name "Chris Moore." (Plaintiff's Br. at 8). That Individual Rate subscription was ultimately resold by Defendants to "Tokyo HP." (*Id.*) In response, Defendants have not offered a single piece of evidence to dispute that this subscription was obtained by using a false name or that the subscription was ultimately resold to a

- 4 -

ELSEVIER, ET AL, V. TOYOSATO,, ET AL., PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

hospital in Tokyo.

Similarly, Plaintiffs identified specific aliases used to effectuate the scheme. In particular, Plaintiffs stated that the alias "Jim Ota" was used to place subscriptions at at least three different addresses: (i) 1108 W. Valley Blvd. #6122, Alhambra, California; (ii) 1710 Rodeo Rd., Arcadia, California; and (iii) 2168 S. Atlantic Blvd. #159, Monterey Park, CA. (Plaintiff's Br. at 9). Again, the Defendants offer no evidence to refute that they placed subscriptions in the name "Jim Ota," that the name was false, that they used the name at multiple addresses, and that they used it for procuring subscriptions at the discounted, Individual Rate for purposes of resale.

Instead of refuting these specific allegations, the Kiuchi Defendants instead seem to argue that while Plaintiffs may have shown *some* fraud, but they have not established *enough* fraud to warrant summary judgment. This argument conflates the distinction between liability and damages. The full scope of the fraud and unfair business practices is a damages issue. At this point, Plaintiffs seek an order only on liability on Counts I and III. Fed. R. Civ. P. 56(c) ("A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."). As set forth above, Plaintiffs have established the elements of these two claims. At this stage, that is enough to warrant summary judgment. *See, e.g., Laun v. Laun,* 2008 WL 90778, *10 (N.D.Ind. 2008) ("[A]ny single event is sufficient to support a finding as a matter of law that the

defendants committed a predicate crime supporting summary judgment.").

Assuming Plaintiffs prevail on this motion, they have requested a hearing to determine the precise amount of damages.

### 3. The Kiuchi Defendants Have Interposed Specious "Disputed" Facts and Inapplicable Objections

Desperate to avoid summary judgment, the Kiuchi Defendants attempt to manufacture fact disputes and interpose inapplicable objections. Neither of these tactics should be countenanced.

First, the Kiuchi Defendants improperly seek to contest matters which are clearly beyond all dispute. For example, the Kiuchi Defendants now dispute that Defendant Noriko Toyosato previously served as the President of I and U. (Defendants' Objections and Statement of Genuine Issues in Opposition to Plaintiff's Proposed Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment ("Def. R. 56.1 Opp."), ¶ 6). Yet, in their Answer, the Kiuchi Defendants expressly admitted "that Noriko Toyosato is the former president of I and U." (Kane Dec., Ex. 1 ¶ 31). Given the Kiuchi Defendants' own Answer and Ms. Toyosato's affidavit, there is no conceivable dispute that Ms. Toyosato served as the president of I and U.

By way of further example, the Kiuchi Defendants attempt to dispute that they used false and assumed names to place the subscriptions at issue. (Def. R. 56.1 Opp.

¶21-22). Yet, (once again) in their Answer, the Kiuchi Defendants admitted that "alias names were used for the actual subscriber's name." (Kane Dec., Ex. 1 ¶¶ 54, 57, 65). Given the Kiuchi Defendants' own Answer, Ms. Toyosato's Declaration, the list of "fake" names, and the interrogatory responses listing the individual subscriptions, there can be no dispute that the Defendants placed subscriptions using false and assumed names.

In addition to attempting to dispute matters that are clearly beyond dispute, the Kiuchi Defendants' also interpose inapplicable objections as a further means to derail summary judgment. For example, the Kiuchi Defendants repeatedly advance a relevance objection on the stated grounds that a particular paragraph "is irrelevant to the City's subject motion [and f]urthermore, Mr. Simmons opinions regarding the applicability of California Labor Code sections are not binding on this Court." (*See. e.g.*, Objections to the Declaration of Keith Abbott ("Abbott Obj.") at 3-4, 5, 6, 7, 8, 11, 13; Objections to the Declaration of Matthew N. Kane ("Kane Obj.") at 3, 4-5, 6, 8; Objections to the Declaration of Maribel Burgos ("Burgos Obj.") at 4, 5, 7, 8, 10; Objections to the Declaration of Noriko Toyosato ("Toyosato Obj." at 3, 4, 5, 6, 7). There is no "City" or other municipality at issue in this case. Nor is there anyone named "Mr. Simmons." Nor is there any claim under the California Labor Code. On their face, these objections are wholly inapplicable to the present case.

Similarly, the Kiuchi Defendants repeatedly object purportedly on the grounds

- 7 -

ELSEVIER, ET AL. V. TOYOSATO., ET AL., PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

of best evidence referring to a "Mason Declaration" and the declarant's inability to authenticate a document obtained from the City of Long Beach. (Abbott Obj. at 4, 5, 7, 8-9, 10, 12, 13; Kane Obj. at 3, 5, 6, 8; Burgos Obj. at 4, 5, 7, 8-9, 10). Again, there is no "Mason Declaration" in this case. Nor is there any allegation concerning the City of Long Beach.

While one or two instances of these inapplicable objections may simply be deemed a typographical error, the countless objections here seem designed to obfuscate and to suggest disputes (which do not exist on the bases of the objections stated).

### 4. Further Discovery is Not Warranted Under Fed. R. Civ. P. 56(f)

To seek relief under Fed. R. Civ. P. 56(f), the opposing party, by affidavit, must show specified reasons why it cannot present facts essential to justify its opposition. Here, the Kiuchi Defendants have failed to meet that burden. They have not, for example, identified specific facts that they seek to discovery nor have they explained why those facts would preclude summary judgment. Instead, they have stated only that they wish to depose Maureen Connors, Keith Abbott, and Maribel Burgos to "test their credibility and personal knowledge" and the "facts regarding each and every subscription at issue." (Millane Dec. ¶ 7).

Neither of these grounds relate to any alleged disputed fact at issue for purposes of the present motion. More importantly, the Kiuchi Defendants have not stated that

- 8 -

they cannot "present facts essential to justify its opposition" without the requested discovery (as they are required to do). Fed. R. Civ. P. 56(f). In fact, the Defendants could (and have) mounted an opposition. Under these circumstances, the Kiuchi Defendants are not entitled to relief. *See Mueller v. County of Los Angeles,* 2008 WL 102762 (9th Cir. 2008) (holding that District Court properly denied Rule 56(f) relief where party "failed to identify the specific facts that he sought to discover and to explain why those facts would preclude summary judgment").

Even if the Defendants had met their burden under Rule 56(f)—which they have not, the Court should still exercise its discretion to deny the requested relief for at least two reasons. First, the Kiuchi Defendants did not diligently pursue discovery in this case. In fact, the Kiuchi Defendants did not serve any discovery until late January 2008— 13 months after they were named as parties in this case and with only weeks left in the discovery period (which expired February 29, 2008). Under these circumstances, this Court would be well within its discretion to deny the requested relief. *Chance v. Pac-Tel Teletrac, Inc.,* 242 F.3d 1151 (9th Cir. 2001) (holding that district court properly denied Rule 56(f) relief where party "failed to diligently pursue discovery").

Second, the Kiuchi Defendants will not be unduly prejudiced in the absence of the requested discovery. In sum, each of the declarants attests that the Plaintiffs rely on subscribers' representations that they are who they say they are in filling

subscriptions at the Individual or Institutional Rates. (Abbott Dec., ¶ 13; Connors Dec., ¶ 12). Because reliance is an element of the misrepresentation claim, it should come as no surprise to the Kiuchi Defendants that the Plaintiffs would introduce evidence of their reliance. Under these circumstances, the Court need not grant the extraordinary relief sought by the Kiuchi Defendants to resume discovery at this late date.

## CONCLUSION

For the foregoing reasons and the reasons set forth in the motion and accompanying memorandum of law, Plaintiffs respectfully request that this Court grant their Motion for Partial Summary Judgment and enter judgment in their favor on liability for Counts I and III and grant such further relief as the Court deems just.

Dated: May 12, 2008

ELSEVIER INC., JOHN WILEY & SONS, INC., WILEY PERIODICALS, INC., WILEY-LISS, INC., JOHN WILEY & SONS, LTD., WOLTERS KLUWER HEALTH, INC., and BLACKWELL PUBLISHING, LTD.

By their counsel,

*/s/ Nicole L. Drey*
J. Andrew Coombs
Nicole L. Drey
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 502-3201

Matthew N. Kane
Donnelly, Conroy, & Gelhaar LLP
One Beacon Street, 33d Fl.
Boston, MA 02108
Telephone: (617) 720-2880

- 10 -

ELSEVIER, ET AL, V. TOYOSATO., ET AL., PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On May 12, 2008, I served on the interested parties in this action with the:
- PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT FOR LIABILITY ON COUNTS I AND III AGAINST DEFENDANTS KIUCHI SHOTEN CO., LTD., HIDEO KIUCHI, I AND U, INC. (A/K/A "CRESCENDO BOOKS" AND "BOOK CUBE") AND NORIKO TOYOSATO

for the following civil action:

<u>Elsevier Inc., et al. v. Kiuchi Shoten Co., Ltd., et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Roger M. Franks<br>William D. Hensley<br>Jackson DeMarco Tidus & Peckenpaugh<br>2030 Main Street, Suite 1200<br>Irvine, California 92614 | Kenneth I. Gross<br>Law Offices of Kenneth I. Gross<br>555 S. Flower Street, Floor 42<br>Los Angeles, California 90071 |
| Ichihiro Toyosato<br>1710 Rodeo Road<br>Arcadia, California 91006 | Noriko Toyosato<br>1710 Rodeo Road<br>Arcadia, California 91006 |

Place of Mailing: Glendale, California
Executed on May 12, 2008, at Glendale, California.

_____
Katrina Bartolome